5 How. 114–Followed, 7 How. 108, 110.   SUPREME COURT.

Tripp agt. DeBow.

*Notice of appeal*, should be served on the *attorney of record* in the court below, not on the party.

The service of such notice being a jurisdictional question, the party can take advantage of it at any time, if he has not appeared so as to give jurisdiction in the case.

Where such service was made upon the *party only* who had not appeared so as to give the court jurisdiction, *held*, that the appeal was a nullity.

*General Term, June* 1850. WELLES, SELDEN and JOHNSON, *Justices. Appeal from an order at Ontario Special Term, July* 1849. An order was made, upon motion at the special term, dismissing the appeal taken from a judgment in the County Court of Ontario county to this court, upon the ground that the appeal was not brought in conformity with the provisions of the Code. The notice of appeal was served upon the party instead of his attorney in the court below; and the justice held that the notice should have been served upon the attorney of record instead of the party, and that the statute not having been complied with, nor the error waived by an appearance, this court had acquired no jurisdiction and the appeal sought to be taken was a nullity.

It is insisted by the counsel for the appellant, that the notice of the appeal was properly served upon the party, and that for the purposes of the appeal, the respondent's attorney of record in the court below was not the attorney here.

By the Court, JOHNSON, Justice.—If the attorney of record below is not the attorney of the respondent in this court upon

appeal upon whom notices of the proceedings are to be served, the decision was clearly wrong and the order dismissing the appeal must be reversed.

Is the attorney of record in the judgment the attorney in the action upon an appeal from the judgment within the meaning of §417 of the Code?

Formerly, undoubtedly, upon bringing a writ of error, the practice was to serve the notice upon the attorney of record of the defendant in error (Lusk vs. Hastings, 1 *Hill*, 662; *Sel. Pr.* 365; 2 *Tidd Pr.* 1068, *Am. ed.* of 1807). Upon a writ of error being brought it has been held that the defendant might change his attorney without making an application to the court (7 *Durn. & East*, 337; 2 *Tidd Pr.* 1141; 1 *id.* 94). This seems to imply that until changed the attorney of record was the attorney after writ of error. In Grosvenor vs. Danforth (16 *Mass.* 74), it was held that the attorney of record in an action in which an erroneous judgment had been rendered against his client might sue out a writ of error without any new authority, and that it was his duty to do so. The case of United States vs. Curry (6 *Howard U. S. Rep.* 106), was an appeal from the U. S. District Court for Louisiana. The notice was served upon the attorney of record; on motion to dismiss the appeal the attorney deposed that he was not at the time of the bringing of the appeal the attorney of the respondent, but had before that time been paid for his services and discharged from all duty as attorney or counsel, and had so informed the marshall at the time of the service. But the court, TANEY, Chief Justice, held that the service was nevertheless good according to the established practice; that while the name of the attorney continued upon the record, the adverse party had a right to treat him as the attorney; that otherwise it would often be impossible to serve a citation where the party was a non resident or his residence unknown.

The authority of the attorney of record continues in full force after judgment is perfected for many purposes. In Dearborn vs Dearborn (15 *Mass.* 316), it was held that an attorney who undertook the collection of a debt was liable in an action for

negligence in not suing out scire facias against the bail after judgment against the defendant upon his original retainer. So in our Court of Appeals in Steward vs. Biddlecum (2 *Comstock,* 103), it was held that an attorney with no other authority than his original retainer, after obtaining judgment, might demand of the debtor an assignment of his choses in action, and on refusal institute proceedings under the non imprisonment act.

The provision in the 2 *R. S.* 600, § 57, that notice of the bringing of a writ of error should be given to the party or his attorney before any judgment could be rendered, was a new provision, and the reason assigned by the Revisers was, that as the practice then stood there was no certainty of a party ever receiving any notice of a writ of error brought after execution was collected. That in the Court of Errors, the notice of the assignment of errors, which was the first real notice, might be served on the attorney of record or his agent. The attorney might be dead or out of the state, or if here, wholly indifferent to the suit after the lapse of years (*Report, vol.* 3, *chap.* 9, *tit.* 3, § 57, *note*). It seems clear from this view of the practice, not only before but since the Revised Statutes, that the attorney of record was always regarded as the attorney in the action for the purposes of notice of a writ of error or appeal until changed by the party and due notice given, which change might, however, be effected without any application to the court.

The Code has abolished writs of error and provided that judgments shall be reviewed by appeal only. The appeal is made by the service of a notice in writing on the adverse party and on the clerk with whom the judgment appealed from is entered (*Code,* § 327). This provision applies alike to appeals from inferior to superior courts and those from the special to the general terms of the Supreme Court. By § 417 where a party shall have an attorney in the action the service of papers shall be made upon the attorney instead of the party. This provision is found in chapter 11, entitled "notices and the service of papers." By § 418, it is provided that the provisions of chapter 11 shall not apply to the service of a summons or other process or of any paper to bring a party into contempt.

Unless the notice of the appeal can be regarded as a process, it must, it seems to me, fall within the provisions of § 417, and be served upon the attorney in the action, where the party has one. This section is not in conflict with § 321. It is an additional provision and prescribes a particular mode of service of notice upon the adverse party where he has appeared in the action by an attorney. The service of notices and papers upon the attorney is, in a legal sense, a service upon the party himself, and it was perfectly competent for the legislature to prescribe any mode of service which should inform the party of the proceeding.

It is true this notice is in some cases a substitute for the writ of error, but it is a mere notice nevertheless in name and form, and it seems to me was so intended by the legislature.

This being so, it became a jurisdictional question; and the party has a right to take advantage of it at any time, provided he has not appeared and answered or proceeded in such a manner as to give the court thereby jurisdiction in the case. I think there has been no such appearance here and that it is not too late to take this objection. Order affirmed.