Monell, J.
I think the proofs in this case establish that the action was finally submitted to the referee for his decision, -more than sixty days before notice of the defendant’s election to end the reference. But the notice should have been by the attorney. A party who has appeared by attorney cannot, while the retainer continues, appear on the record in person. (2 R. S. 276, § 11.) It is proper, therefore, to disregard the notice signed by the defendant in person while he had an attorney.
It was claimed by the defendant’s counsel that the words “ either party,” in the 273d section of the Code, required that the notice should come from the party, and not from the attorney. I do not think so. Having appeared by attorney, all notices and papers used in the progress of the action must be subscribed by, and in the attorney’s name. Besides, in every part of the Code where aright is given, the same words are used, thus—“ either party ” may give notice of trial, (§256;) and “ eitherparty”'may except to a decision, (§268.) So, a notice of appeal must be served on “ the party,” Rule 4, Court of Appeals.. (Tripp v. De Bow, 5 How. Pr. 114.)
But even if the notice was regular, I should not hesitate in this case to exercise my discretionary power, by relieving the plaintiff from the consequences of the referee’s omission.
The court has the power to enlarge the time within which *537 any proceeding in an action must be had, (except the time within which an appeal must be taken,) (Code, § 405,) and may do so, even after the time has expired. (Clapp v. Graves, 9 Abb. 20. Sheldon v. Wood, 14 How. Pr. 18.)
It appears that this action was commenced more than fifteen years since, and has been three times tried, the last trial lasting several years. The case has been- contested, and, as is represented, has been carefully considered by. the referee. Under such circumstances, I should be very reluctant to set aside his report, except for the most substantial reasons. The effect of which would be to require a fourth trial of the action.
If the referee has committed any error, it can be corrected on appeal from his judgment.
The motion must be denied, with $10 costs.