Benj. W. Woodward, County J.
On issue joined between the parties, a trial was had before H. C. Yaedtjzeb, Esq., a justice of the peace in and for Schuyler county, and on August 30, 1869, judgment was duly rendered in favor of the plaintiff and against the defendant, for one hundred and fifty-seven dollars and ninety-one cents, damages and costs.
Within twenty days thereafter the defendant served on said justice a notice of appeal from said judgment to this court, but no ■ undertaking on appeal was, at that time or subsequently, served or filed in the case.
'The plaintiff was a non-resident, residing in Steuben county, and was not served with said notice. M. J. Sunderlin, Esq., who is and was a resident of Yates county, appeared as attorney for the plaintiff on the. trial before the justice, and within twenty days after judgment rendered, was also served with a copy of the notice of appeal; no copy of the notice was either left with the clerk of Schuyler county, or filed'in his office.
The respondent now moves to dismiss the appeal, on the ground that this court has no jurisdiction to try the action ; the motion being the only step taken by the respondent in connection with the appeal. The notice *39 of motion served on the appellant is signed, “ M. J. Snnderlin, attorney for plaintiff and respondent.”
It is urged in opposition to this motion that, if there was any irregularity in bringing the appeal, it was a mere irregularity, which was cured by the appearance of the respondent in the manner above stated.
I. Section 354 of the Code of Procedure prescribes how and on whom the notice of appeal shall be served in order to constitute a valid appeal to the county court, and it names two instances only in which service of such notice on the attorney or agent of the respondent is permitted, viz : 1. Where the respondent is a nonresident of the county. 2. Where he cannot, after due diligence, be found in the county. And in these instances, only, when such attorney or agent is a resident of the county in which the cause was tried. Hence the service of the notice of appeal in this case was insufficient. It may be proper, however, to observe in this connection, that the provision of section 354 of the Code, allowing the service to be made by filing the notice with the clerk of the appellate court, where the respondent is a non-resident, is permissive only, whence it would seem that the intention of the section is to leave it to the option of the appellant, whether he will serve it on the respondent personally, regardless of his place of residence ; or, in case he is a non-resident, accept the privilege granted by such permissive clause. One or the other must be complied with; and it seems that a personal service onthe respondent, though a non-resident, is sufficient. The evident reason of the section is, that the appellant shall not be compelled to go outside of the county in order to perfect his appeal.
II. Section 355 of the Code requires that the appellant, where, by section 352 he is entitled to a new trial in the appellate court, shall, at the time of taking the appeal, give the security as provided in section 356. The filing or the omission to file such security, there *40 fore, in snch case, is a matter affecting the jurisdiction, and the omission by the appellant to give the security as thus required, is a proper ground for a motion to dismiss the appeal. Whether the appellant will be permitted, on cause shown, and upon terms, to file the security nunc pro tunc, at any time before a dismissal, should, I think, be left to the sound discretion of the court.
In all cases of appeal to the county court, where a new trial is not demanded according to the terms of section 352, the appellant is not required to give the security mentioned, except where he desires a stay of execution of the judgment; the validity of the appeal in such case is not affected by the omission to give the security.
III. I think it cannot consistently be said that there was such an appearance in this case as would amount to a waiver of the objections above mentioned. In order to constitute such a waiver, it must appear that the respondent had taken some step or proceeding in the case by which he could be deemed to have submitted himself and his "case to the jurisdiction of the court (Tripp v. De Bow, 5 How. Pr., 114).
It is conceded that the first and only step taken in the case by the respondent, is this motion, which is grounded wholly and exclusively on the defects in the appeal above discussed, and for the sole purpose of setting it aside, and I think it would be construing the rule too strictly to hold that the mere signing'of the v motion papers “ attorney for plaintiff and respondent,” should defeat the very object sought by the motion itself ; in other words, that it should bar his right to the relief asked. The case of Seymour v. Judd (2 N. Y. [2 Comst.], 264), decided by the court of appeals is, it seems to me, directly applicable to this point, and, if so, determines the question.
*41 The motion, must be granted, and the appeal cLismissed, with ten dollars costs of motion.
Ordered accordingly.

This decision, on points not unfrequently raised in the county courts, has been, I am informed, followed in several subsequent cases in other counties than the one where it was made.