EUNICE A. REES, Respondent, *v.* GEORGE REES, Appellant.

Service of Notice—Leaving Notice at Dwelling.—When a notice of appeal was served by leaving a copy of the notice at the place of residence of the person to be served with a person of suitable age and discretion; but the return did not show that it was so left "between the hours of six in the morning and nine in the evening:" *Held*, that the proof of service was not sufficient.

Idem—When May be Made on Attorney.—Service of notice can only be made upon the attorney of the party to be served when such attorney resides within the county.

Appeal from Umatilla County. The facts are stated in the opinion.

*Lucien Evarts*, for the motion.

*Wm. Strong & Sons*, for the appeal.

By the Court, KELLY, C. J.:

The indorsement of service of the notice of appeal is as follows: "I, A. H. Pierson, being duly sworn, depose and say: I am a citizen of the United States and over twenty-one years of age. That I served the annexed notice of appeal in the case of *Eunice A. Rees* v. *George Rees* on said Eunice A. Rees, by leaving a true copy of the same at her place of residence in Umatilla county, state of Oregon, with her son, Peter Wilson, who is over twenty-one years of age, and was then in charge of her residence on the twenty-ninth day of November, A. D. 1878, she being absent at that time and out of the state of Oregon." This return was subscribed and sworn to.

There is also an alleged service made upon Thomas H. Breuts, attorney for the said Eunice A. Rees, by delivering to him personally a true copy of said notice of appeal at his residence in the territory of Washington, in the city and county of Walla Walla, on the thirtieth day of November, 1878.

Providing for the service of notices, the code, page 215, section 517, subdivision 2, declares that it shall be as follows: "If upon a party, it may be made by leaving the copy at his residence between the hours of six in the morning and nine in the evening, with some person of suitable age and discretion." The return of service made by A. H. Pierson does not state that it was made "between the hours of six in the morning and nine in the evening," and does not therefore comply with the requirements of the statute. In regard to the service or attempted service upon T. H. Breuts, the attorney of respondent, it has already been decided by this court that such service is not in accordance with the mode presented in section 521 of the code. Laying down certain rules in regard to the service of notices, the court says: "The service of notice of appeal may be made either upon the party or upon the attorney of

record residing within the county where the trial was had. Outside of the county the service can only be made upon the party." (*Lindley* v. *Wallis*, 2 Or. 204.) In that case the motion to dismiss was denied, and the counter motion to amend the return of service of notice was allowed.

The court now denies the motion of respondent to dismiss the appeal, and the appellant is allowed to amend the return of service of his notice of appeal.