# THE SUPREME COURT

OF

# OREGON.

## OCTOBER TERM, 1887.

[Filed January 16, 1888.]

## JAMES SHIRLEY, APPELLANT, v. H. .C. BIRCH ET AL., RESPONDENTS.

PRACTICE—APPEAL—NOTICE OF—BY WHOM SIGNED.—A notice of appeal is sufficient, although signed by attorneys who were not the attorneys of the appellant in the court below, and no substitution has been made in the manner provided in sections 1010 and 1011 of the Civil Code.

APPEAL—ADVERSE PARTY—WHO IS NOT.—M., an intervenor in the suit for foreclosure, having entered into a stipulation which precluded him from being heard until the practical determination of the issues of the case and the sale of the mortgaged property, has no such standing in the case as requires him to be made a party to the appeal under section 526 of the Code.

APPEAL—NOTICE OF—SERVICE UPON PARTNERS.—Service of notice of appeal upon one of two persons, who appear in the suit as partners, is service upon the firm.

APPEAL from Yamhill County. Motion to dismiss appeal denied.

*N. B. Knight,* and *J. J. Murphy,* for Appellant.

*Ramsey & Bingham,* for D. B. Gaunt.

*Ford & Kaiser,* for F. N. Gilbert and M. E. Campbell.

THAYER, J.—The transcript in this case, having been filed in this court, the attorneys for the respondents submitted a motion to dismiss the appeal upon several grounds, which I will proceed to notice. The first ground is that the notice of appeal is not signed by the appellant's attorneys in the court below, but purports to have been signed by Messrs. Murphy and Knight, who were not his attorneys of record in the court below. The respondent's counsel contend that a notice of appeal from a judgment or decree of a Circuit Court to this court must be signed by the attorneys for the appellant in the former court, or by attorneys substituted for them in the manner provided in the Civil Code of the State; otherwise the appeal will not be regularly brought, and be subject to dismissal upon motion of the respondents. They have not cited any provision of the Code authorizing any such disposition of an appeal, but rely wholly upon decisions construing the Code, and similar provisions of the Code of California to that effect.

The only decision in this State giving such construction is in the case of *Poppleton* v. *Nelson,* 10 Or. 437. In that case this court held that where the record showed that the appellant appeared in the suit in the court below by attorneys, who there represented him until the final decree was entered against him, and without any change of attorneys upon the record attempted to give notice of an appeal on his own behalf and in his own name, the respondent was not bound to recognize him, nor under any necessity of noticing any written proceedings not coming from or in the name of his attorneys of record, and thereupon dismissed the appeal. The decision was based upon the provision of the Code, to the effect that an action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorneys, and that where a party appears by attorney the written proceedings must be in the name of the attorney, who is the sole representative of his client, as between him and the adverse party, except where the attorney only appears as counsel. (§ 1010 of the Civil Code, as published in 1874.)

The rule indicated without doubt is correct, so far as applied to the action, suit, or proceeding in which the attorney is

employed. When a party to a suit chooses to be represented by attorney therein, and retains one for that purpose, and the attorney, in pursuance of such retainer, appears for the party in the suit, the latter has no right afterwards, unless a change is made as provided in sections 1010 and 1011 of the Civil Code to appear therein. He thereby substitutes the attorney in his place, stead, and turn to attend to the matters involved, and any attempt upon his part thereafter to conduct the proceedings in person would be an unwarranted interference therewith; nor has the opposite party any right to treat with him in regard to the matter, but is bound to recognize the attorney as having the management and control of the affair. Every notice in the pro-ceedings of the case required by the rules of practice to be served upon the adverse party must be served upon the attorney, if he resides in the county where the suit is pending, instead of the party. The statute permits the service to be made upon the latter, where his attorney resides in a county other than that in which the venue is laid, as a matter of convenience. I would have supposed, to the adverse party. But this court has given the provision upon that subject a different construction—has construed it as a requirement that the service in such case *shall* be made upon the party, and *not* upon the attorney. I never supposed that the legislature intended any such meaning; but it has been held so often that such is its construction that it would be impolitic to attempt to change it. Whether the employment of an attorney, however, extends to the appeal from the decree to this court, I am not so well satisfied. It occurs to me that when the proceedings in the lower court culminate in a final decree against the party, that the duty of the attorney is about ended. His retainer is to defend against the suit, and when that is determined against his client, his relation termi-nates, at least it continues to exist only as to incidental matters connected with the litigation.

There is no provision in the Code by which the attorney, in an action, suit, or proceeding, may be changed after judgment or decree or final determination. The language of the Code is: "The attorney in an action, suit, or proceeding may be changed

at any time *before* judgment or decree or final determination."
(§ 1010, Code of 1874.)   The words "action," "suit," or "pro-
ceeding" are referred to distributively in the section.   Each has
its peculiar meaning, and the words "judgment," "decree," and
"determination" apply severally to each.   Thus judgment is
the final result of "action," decree of "suit," and determination
of "proceeding," as used in the section.   The attorneys for the
appellant in the Circuit Court were attorneys in a suit.   If a
change, therefore, had been necessary in order to have his
present attorneys, Messrs. Murphy and Knight, take the appeal
from the decree to this court, under the wording of said section
of the Code, he would have been compelled to have had it made
before the decree was rendered, and he probably did not then
know that he would require their services.

The position of the respondents' counsel is that an appeal
from a judgment in an action or a decree in a suit is but a con-
tinuance of the action or suit, and that the appellant's employ-
ment of Dawn and others, as attorneys in the suit in the Circuit
Court, was an enlistment of their services for the entire litiga-
tion, unless a change was made as provided in said sections 1010
and 1011 of the Code, which, as we have seen, only authorized
the change to be made *before* the decree, and necessarily before
the appellant could have known whether or not he would have
any litigation of the matter in this court.   Such a view cannot
be maintained from a common-sense standpoint.   An appeal
from the Circuit to the Supreme Court must be regarded as a
new proceeding.

The Constitution of this State only vests this court with juris-
diction to revise the *final* decisions of the Circuit Courts.   ( § 5,
art. vii. Const. A.)   Finality must be put to the suit by the
Circuit Court before an attempt can properly be made to have
the decision therein revised here.   And the review by this court
of such decision, whether it be had upon exception taken at the
trial or hearing in the Circuit Court, or upon facts found by
that court, or which come here by the depositions of witnesses,
is for the purpose of determining whether the decision is erro-
neous or not; and if found to be so, either in actions at law or

in suits in equity, when tried by the court, the judgment or decision is reversed and the case remanded for a new trial; or if found to be erroneous as to findings of facts this court will adjudge what decree should be given, and remand the case, with directions that it be entered as the decree of that court. Commencing an action or suit in a Circuit Court, and conducting it to a final termination there, and taking an appeal to review a judgment or decree in this court, are distinct proceedings. The first one is to recover a judgment or decree. The second one is to revise a judgment or decree. The latter proceeding combines the nature of both appeal and writ of error as heretofore known; but in its operation and effect is more in the nature of the latter than of the former. Its office is to correct errors, including both errors of law and findings of fact.

A writ of error was always regarded as a new proceeding. (*Bendernagle* v. *Cocks*, 19 Wend. 152; Weeks on Attorneys, § 253.) And it was held in chancery that another solicitor than the one who commenced the suit could be employed to take an appeal from the decree of the · vice-chancellor to the chancellor without any order of substitution. (*McLaren* v. *Charrier*, 5 Paige, 530, 534.) The court in *Poppleton* v. *Nelson*, 12 Or. 349, must have regarded the appeal as a continuation of the suit and placed its decision upon that ground. The reason it gave why an attorney of record had authority to give a notice of appeal seems to have been put upon the ground that a notice of appeal could be served upon him, at least I infer that from the language of the opinion, as follows: "This court has repeatedly held that the notice of appeal may be served upon the attorneys of record residing in the county where the action is pending under section 521." (Citing *Lindley* v. *Wallis*, 2 Or. 203; *Rees* v. *Rees*, 7 Or. 78.) "Now if the attorney of record may be served with a notice of appeal, his authority to give one should not be denied. Both are based upon the proposition that he represented his client in the proceeding to appeal. This principle seems clearly involved in and established by these decisions." This reasoning is not at all satisfactory to my mind. The Code by authorizing the service of the notice of appeal upon the attorney of record,

if it does authorize any such service, does not necessarily authorize the attorney of record to give a notice of appeal.

The Code might have authorized the notice of appeal in such case to be served upon the clerk of the court, but that would not have given the clerk authority to give a notice of appeal. In *Lindley* v. *Wallis*, cited by the court, several rules seem to have been laid down, the fourth one of which is that "the service of notice of appeal may be made either upon the party or upon his attorney of record residing within the county where the trial was had." Outside of the county the service can only be made upon the party. And in *Rees* v. *Rees, supra,* that rule is affirmed. It might, therefore, under the same logic adopted in *Poppleton* v. *Nelson, supra,* be said that if the party to the judgment or decree "may be served with a notice of appeal, his authority to give one should not be denied." And yet it was upon the ground that the notice of appeal was given by the party that the appeal was dismissed, although a notice of appeal under the rule referred to might have been served upon him. But the rule itself is in direct conflict with the Code.

Said section 521 says expressly that "when a party, whether absent or not from the State, has an attorney in the action or suit, service of notice or other papers shall be made upon the attorney, if he reside in the county where the action or suit is pending, instead of the party, and not otherwise." This language is made emphatic by its own terms. It requires absolutely the service to be made upon the attorney in the case mentioned, and not be served otherwise. Still the court in *Lindley* v. *Wallis,* in defiance of this mandatory language of the legislature, prescribed a rule that the service could be made on either attorney or party when the former resided within the county where the trial was had. No such construction can be given to said section 521. (*Tripp* v. *De Bow,* 5 How. Pr. 114.) The adoption of this rule, it seems to me, was a change of the terms of that section by judicial *fiat.* But however that may be, the right of the appellant to change his attorneys as a matter of course, when he appeals from a judgment or decree, has no connection with the fact that service of a notice of appeal may be made upon the

attorneys of record. That was the practice in the service of citation when a writ of error was sued out.

Johnson, J., in delivering the opinion of the court in *Tripp* v. *De Bow, supra,* says: "It seems clear from this view of the practice, not only before but since the Revised Statutes, that the attorney of record was always regarded as the attorney in the action, for the purposes of notice of a writ of error or appeal, until changed by the party and due notice given, which change might, however, be effected without any application to the court." According to the view here indicated, the court, in *Poppleton* v. *Nelson,* mistook the law. But it must, as a matter of justice to the learned gentlemen who were judges of the court at the time that the decision was made, be conceded that the decision in *Day* v. *Holland,* decided at the present term of this court, has materially influenced the view expressed.

The language of the last paragraph of section 505, Code of 1874, that "an action or suit is deemed to be pending from the commencement thereof until its final determination upon appeal, or until the expiration of the period allowed to take an appeal," taken literally, renders an appeal but a continuance of the action or suit in which the judgment or decree appealed from was recovered. And it was claimed in the last-mentioned case, that said provision of the Code prevented the judgment or decree from being *res adjudicata* until the period therein mentioned had elapsed, and that the appeal opened up the whole matter.

A majority of this court were of opinion that the provision was not intended to mean what its literal sense would seem to indicate, that the final judgment or decree appealed from remained intact until reversed or modified by this court, during which time it would be conclusive in collateral proceedings of its own rectitude, the same as though no appeal had been taken. The majority of the court concluded that the action or suit in such a case might be deemed to be pending for some purposes, but not in the sense which the literal language of the provision would imply, nor for any other than incidental purposes, such as the substitution of new parties, the issuance of execution, satisfaction of judgment, or service of papers, and matters of like character,

and not that the judgment was not a finality until annulled or reversed on appeal. The Code of the State of California contains the same provision of statute as the one here set out, and the courts of that State have given it a more enlarged meaning than this court has been inclined to give it. The result is that there will probably be found a difference in the adjudication of the courts of the two States upon subjects where the said provision has a bearing. We have been referred to the case of *Hobbs* v. *Duff*, 43 Cal. 491, and some of the other cases from that State, which hold in effect the same as was held in *Poppleton* v. *Nelson, supra,* but we are inclined to ascribe the holding as being influenced much by said provision of the Code; and besides there does not seem to have been a complete unanimity in the views expressed by the judges of that State upon the question.

I notice in *McDonald* v. *McConkey,* 54 Cal. 144, that Judge Thornton used this language: "We are inclined to the opinion that Mr. Griffith was competent to give the notice and to take an appeal in the cause, for the reason that an appeal like a writ of error is a new proceeding, and that the party to the action has full power to constitute an attorney to take and prosecute the appeal, other than the attorney of record, in the court below. But waiving this question, which we do not intend to decide, we think the attorney for the respondent admitted the competency of Griffith by joining in the certificate referred to, and thus waived the right to object to his competency in the mode which he has adopted." Counsel for the respondent has also called our attention to *Schuler* v. *Maxwell,* 45 N. Y. Sup. Ct. 240. That case seems also to favor their side of the question; but it will be observed that the appeal there was from an order made at a special term of the Supreme Court of that State to the general term of the same court. The court held that an appeal from a judgment could not be taken by a new attorney without substitution, and seems to have placed its decision on similar grounds to that in *Poppleton* v. *Nelson, supra,* that as the notice of appeal from a judgment was to be served upon the attorney for the adverse party if he were living in the county, it followed that

the power of the attorney to receive a notice of appeal extended
beyond the judgment, and that by analogy, the power to serve a
notice of appeal should extend in like manner.

The court seemed to consider that the principle was stronger
when the appeal was to the general term of the Supreme Court,
than it would be if it had been to the court of appeals; but that
in view of rule 4 of the latter court, which provides that the
attorneys, etc., of the respective parties should be deemed the
attorneys, etc., in that court, until others were appointed and
notice thereof given, the appeal, if it had been to that court,
would not have been well taken.    The decisions of the California
and New York courts upon the question are of but little prac-
tical importance, whichever way decided.    They are both ex-
tremely careful not to affect the rights of a litigant.    In the
New York case the court used this language: "The defendant
in this case was promptly notified of the defect of her notice.
She might very possibly have had an amendment or have served
a new notice; but she did not. . . : . Nor do we decide whether
or not the defendant may still amend the notice by leave. . . . .
The judgment in this case is stated to have been entered by the
consent of all the defendants.    Perhaps a valid appeal may be
taken from such judgment and may be in force until dismissed."
And in the California case it will be seen that the judge promptly
seized upon the first pretext to hold that the respondent had
waived the objections; and it appears to have been generally
held there, that any acquiescence upon the part of the respond-
ent, the receiving of the notice even without objection, would
constitute a waiver of the irregularity.    A motion in a New
York court to dismiss an appeal in such a case, where the
respondent had received and retained the notice of appeal, would
be promptly denied.

It is evident that a notice of appeal has been regarded by
some of the judges in those States as a mere proceeding in the
case; that it is amendable by leave of the court, and its defects
may be waived.    But in this State it has been viewed more in
the nature of process.    In *Oliver* v. *Harvey*, 5 Or. 361, which
was a motion to dismiss an appeal, the notice of which had been

served and filed, and which the court held to be defective, but a stipulation was subsequently signed by the counsel for the respective parties continuing the cause from the August to the December term of the court, Prim, J., in delivering the opinion of the court, said: "An appeal shall be taken and perfected in the manner prescribed in this section," referring to section 527 of the Code, "and not otherwise. The appellant shall cause a notice to be served on the adverse party, and file the original with proof of service indorsed thereon with the clerk when the judgment or decree is entered. This is the only mode prescribed in which an appeal can be taken to the Supreme Court. The *service* and *filing* the *notice* of appeal is indispensable in order to enable the appellate court to obtain jurisdiction of the cause. A waiver of the filing by the stipulation of the parties is not the equivalent of the filing of the notice; for consent, though it may waive error, cannot confer jurisdiction." In *Dolph* v. *Nickum,* 2 Or. 202, it was held that notice of an appeal and certificate of error were not amendable. These two cases represent the general current of decisions in this State upon the subject of appeals. The mode has invariably been regarded as a distinct and independent proceeding, to bring the judgment or decree from the Circuit Court to this court in order to adjudge as to alleged errors of the former court; and to attempt to hold that it is a continuance of the action or suit in which the judgment or decree appealed from is entered, and not a new proceeding under the general view of the subject adopted by the courts of the State as appears from the adjudications, would exhibit upon our part, in my opinion, a lack of candor. The next point urged by respondent's counsel in favor of the dismissal of the appeal is, that William Miller and A. T. Gilbert, two of the defendants in the suit in which the decree was rendered, have not been served with any notice of the appeal. The rule laid down in *Poppleton* v. *Nelson, supra,* and in *Lillienthal* v. *Caravita,* 15 Or. 339, decided at this term of court, we consider correct upon that question. All the parties to the judgment or decree appealed from, interested in the relief sought by the appeal, must be notified regularly as required by said sec-

tion 527 of the Code. It appears from the transcript that so far as said Miller had any connection with the case, it was that of an intervenor. The suit was commenced to foreclose a mortgage upon real property, executed by the respondent H. C. Burch. The other respondents were alleged to be subsequent encumbrancers of the mortgaged premises, and were made defendants upon that ground. Miller was not made a defendant in the outset, but subsequently applied to the court to be made a defendant, upon the grounds that he was the owner of a subsequent mortgage upon the premises executed by said Burch to H. C. Wandt. The latter was made a defendant in the suit on account of the mortgage, and Miller claimed that it and the note it was given to secure had been assigned to him, and sought by his intervention in the suit to be declared to be the owner of the note and mortgage. The respondent Townsend claimed also ownership of the said note and mortgage, and was made a defendant in the suit. It appears that when Miller made his application to be made a party to the suit, a stipulation was entered into between all the parties to the suit, to the effect that Miller might file an answer at the then term of the court, setting up his claim as owner of the note and mortgage; that the allegations of the answer should be deemed denied by all the parties interested in the matter; that the case should proceed without taking any testimony at that time as to his claim, and that in case it should be ascertained after the lands described in appellant's mortgage were sold that there were any of the proceeds thereof remaining applicable to the payment of the Wandt note and mortgage, then, unless the parties claiming to own them agreed as to the ownership of such surplus funds, the court might, after hearing all proper testimony offered by the parties in interest, determine as to their ownership, and make a proper supplementary decree as to the note and mortgage and the payment of this overplus, and might in its discretion make a reference of the question to a referee, and that the ownership of said note and mortgage should not be determined until after said sale. In pursuance of which stipulation said Miller filed an answer in the case, and no further notice seems to have been

taken of the matter. He is not mentioned in the decree, and by the terms of the stipulation under which he filed his answer has precluded himself from being heard in the case until after the sale of the mortgaged premises. He in fact has consented to abide the result of the litigation and make his claim after it is terminated, and had no such standing in the case as entitled him to be made a party to the appeal, or be served with notice of appeal. He was not in a condition to appeal from the decree, as he was not a party to it; nor do I think he was an adverse party within the meaning of the term as used in section 526 of the Code, as he was not a party to the decree; but if he were, he had put it out of his power to be an actor in the litigation until the time before referred to arrived. The point that said A. T. Gilbert was not served with notice of appeal is untenable. The sheriff of Marion County where said Gilbert resides certified in his return to the notice of appeal that he served a copy thereof upon Gilbert Brothers by delivering a true copy thereof, etc., to F. N. Gilbert in person and personally, as one of the firm of defendants, Gilbert Brothers.

Said F. N. and A. T. Gilbert were described in the pleadings and proceedings in the suit as partners under the firm name of Gilbert Brothers, and it sufficiently appears that their claim in the suit belonged to them as partners. In such case the service upon one is service upon both. (*Perrine* v. *Miller*, 4 N. Y. Sup. Ct. 36.) This motion does not deserve the consideration which has been given it.

The grounds upon which it is made are purely technical, neither of them affecting in the remotest degree any of the rights of the respondents. It certainly does not matter to them a particle whether the appeal was taken by the former attorneys of the appellant or the present ones, nor whether the change of attorneys was made by regular substitution upon the record or otherwise; and the persistent and untiring efforts of the respondents' counsel to induce the court to dismiss the appeal, and thereby deny the appellant a hearing in this court upon an important matter, appears to me like a deplorable waste of energy.

The motion to dismiss the appeal is denied.

[Filed January 30, 1888.]

On application to rehear motion to dismiss appeal.

PER CURIAM. — In *Day* v. *Holland,* we held that a judgment or decree was binding and conclusive on parties and privies until annulled or reversed. That is the theory of law as it prevailed, and was practiced in the common-law courts. "Every judgment," said Black, C. J., "must be conclusive until reversed. Such is the character, nature, and essence of all judgments. If it be *not conclusive* it is no judgment. Necessarily, then, a judgment is the final determination of an action or the end of the trial, and is binding and conclusive on the parties until annulled. Nor can it be avoided, annulled, or reversed, except by the commencement of a new proceeding, requiring the service of papers to give jurisdiction to another and separate tribunal invested with appellate powers, not for the purpose of retrying the case, but for the purpose of ascertaining if the court which tried the case committed error. And if error be found, it does not retain the case for trial, but reverses the judgment and remands the cause for a new trial, except in suits in equity, and then to examine the evidence for the purpose of ascertaining if the findings and the conclusions of law drawn therefrom be correct. It does not undertake to try the case further than to re-examine it in the exercise of the revisory power vested by the Constitution in this court. It says in effect to the trial court, you erred or did not err, as the case may be, in the trial of this cause, and your judgment must be reversed or affirmed, as the case may be. This shows, as we think, that the proceeding here is distinct — a step in the progress to final determination — but a new proceeding to ascertain if during the progress of the trial, or in the proceedings from the beginning to the final termination thereof in the judgment, an error was committed by the court.

It examines the record to find out if the judgment or final determination of the cause be correct, and in no other sense does it render judgments. It reverses, affirms, or modifies them. If, then, a judgment is the final determination of a cause, the process to correct supposed errors therein must be in the nature

of a new action, and the statute invoked in relation to substitution can have no application to it. It is nothing more than the common-law rule, which did not require that the party suing out the writ of error, or as we say, bringing the appeal, to continue his attorneys of record; but may employ whom he pleases, and is a matter of his own concern, and in which the courts nor the opposing party did not have any interest. But it is said that an action or suit is to be deemed pending by section 514 of the Code until finally determined on appeal, or until the time for appealing shall have expired, and that this construction is inconsistent with it, or as counsel claim, shows that it is a continuation of the trial until finally determined on appeal, or until the time for appeal had passed. If this be true, it cannot be conclusive to bind the parties until reversed, and must overrule. (*Day* v. *Holland*, 15 Or. 464.) What, then, does that section mean? Simply this: That an action shall be deemed pending until finally determined on appeal, or until the time for appealing should have expired for all incidental or ancilliary purposes, as it did at common law, namely: To sue out execution to entire satisfaction of the judgment, serve notice on the attorneys as they appear of record, etc. For all of these purposes, and possibly some others, the action will be deemed pending. In *Holland* v. *Day*, we held that this section did not declare a new rule of law, but that was simply declaratory of the rule as it existed at common law, to which we must look for its construction.

In many instances the Code formulates substantive principles of the common law, of which those sections relating to evidence and procedure may be cited as examples. This being so, there is no rule or law requiring the appellant to retain his attorneys of record, to serve papers or to argue his case in this court. All any party is bound to do is to look at the record, if he wants to serve a paper, to serve it on the attorney of record. If the attorney's relations to the cause has ceased, he must send the papers to his client, for they will bind him, and he cannot, as in 6 How. Pr., come into court and try to show no service because he was no longer attorney for the party. The court will not allow that. But here the reason of the rule ceases. It only has

relation to the person *on whom* service is made, and not to the person *giving the notice.* What possible difference can it make to the respondents so they get the notice.

The object of the rule was to direct parties to the record, and whoever appeared there as the attorney of the party may properly be served with notice. In *Day* v. *Holland, supra,* the ground of JUDGE LORD's dissent was the construction given a like section of the California Code by the Supreme Court of that State, although his opinion indicates that he regarded the section as a statutory declaration of the principle as it existed at the common law, and in the absence of the decisions to which he referred, he would have applied that construction to it which would have been in conformity to what is here said.

We think he gave too much importance to those decisions, especially where they are not harmonious, and that if he had followed his own construction of what he conceived to be the true meaning of the section, he would have reached this conclusion in that case. As we think that case is good law we shall overrule the application to rehear the motion.