[Filed October 18, 1887.]

LILLIENTHAL & CO., APPELLANTS, *v.* V. CARAVITA ET AL., RESPONDENTS.

APPEAL—ADVERSE PARTY.—L. & Co., having obtained a decree declaring a mortgage executed by V. C. to be fraudulent and void, and fixing the priority of certain lien holders, appealed from the latter portion of said decree, and did not make the fraudulent mortgagee a party to the appeal, nor did the latter take an appeal. *Held*, that mortgagee in such case was not an adverse party within the meaning of section 537 of Hill's Code, requiring the adverse party to be served with notice of appeal, the appeal being only to settle the priority of the liens of the creditors.

NOTICE—ACKNOWLEDGMENT OF SERVICE.—Where an attorney acknowledges service of a notice of appeal as follows: "State of Oregon, county of Multnomah. Service of the within notice by certified copy is hereby admitted in Portland, Oregon, June 1, 1887. Alex. Bernstein, attorney for defendants,"—*held,* that the service was sufficiently proven.

APPEAL from Multnomah County.

Motion to dismiss appeal denied.

*Alex. Bernstein,* for Respondents.

*H. Williams,* for Appellants.

STRAHAN, J.—Counsel for respondents have filed a motion to dismiss the appeal in this cause for the following reasons: (1) That no appeal has been taken and perfected herein as by law required, in that all the adverse parties to this suit have not been served with any notice of appeal, nor made parties hereto, nor are they now before this court; (2) that the court has no jurisdiction herein, in that the alleged service of the notice of appeal upon the defendants' and respondents' attorney has not been properly made, nor is it of such a service as is by law required.

The object of this suit was to set aside a judgment confessed by V. Caravita, and an execution issued thereon as fraudulent, which was older and upon its face had priority over the plaintiffs' claim, as well as the claim of all the other defendants. By its decree the court below set the same aside, and from that part of the decree the plaintiff has not appealed, nor did the original plaintiff whose judgment was set aside appeal.

Objection is now made that this party, whose judgment and execution were set aside on the ground of fraud, was an *adverse party* within the meaning of section 527 of Hill's Code. We think otherwise. A party is not bound to appeal from a decree in his own favor, as a condition to being heard on his appeal from that part of the decree against him. In addition to this, the parties who made this motion are interested as well as the plaintiffs in the setting aside of the judgment and execution referred to. It was a fraud upon their right as well as the rights of the plaintiffs.

It seems that the only question on this appeal is one of priority. It is simply a contention as to who shall be first paid from the assets uncovered by the annulling of the fraudulent judgment. In *Thompson* v. *Ellsworth,* 1 Barb. Ch. 624, the term "adverse party" in this connection was held to mean the party whose interest in relation to the subject of the appeal is in conflict with the order or decree appealed from, or the modification sought for by the appeal. And in *Senter* v. *De Bernal,* 38 Cal. 637, it is said: "Our Code allows any and every party who is aggrieved to appeal without *joining any one else,* no matter what may be the character of the judgment against him, whether joint or several, and in this respect, works a change from the former practice; but he is required to notify all other parties who are interested in opposing the relief which he seeks by his appeal, if they have formally appeared in the action in the court below, or his appeal *as to those not served* will prove ineffectual, and also *as to those served,* if the relief sought is *of such a character that it cannot be granted as to the latter without being granted as to the former also.*" Here the only relief which is sought by this appeal can be granted without in any manner affecting the interests of the defendants not served.

*Acknowledgment of service.* We might pass the other objection without any particular notice, for the reason that the specific and particular objection relied upon in the argument is not pointed out in the motion. But, waiving this defect, is the admission of service sufficient? It is as follows:—

"STATE OF OREGON,      ⎫
"COUNTY OF MULTNOMAH. ⎬ ss.
                       ⎭

"Service of the within notice by certified copy is hereby admitted in Portland, Oregon, June 1, 1887.

   "ALEX. BERNSTEIN, Attorney for Defendants."

The particular defect claimed to exist in this admission of service is, that it does not appear that said attorney resided in Multnomah County at the time he admitted service. This admission was made by an attorney of this court, and is his solemn act for and in behalf of the parties whom he represented,

and no such refined construction as is now insisted upon can be admitted.    He knew what was implied by the term "service," and in the absence of anything in the record to show to the contrary, we must intend that "service" in this connection means all that the law requires to make it valid.    In addition to this, it was made in Multnomah County, and we do not think that for the purpose of defeating this appeal, we ought to intend that the attorney resided elsewhere.

Let the motion to dismiss be overruled.