[Decided October 5, 1892.]

## J. E. HAMILTON *v.* T. J. BLAIR ET AL,

[S. C. 31 Pac. Rep. 197.]

1. APPEAL—PARTIES—JURISDICTION.—All parties to a judgment or decree whose interests may be substantially affected by the adjudication of the appellate court must be included in the appeal. Without all such parties before it, the appellate court has no jurisdiction.

2. APPEAL AND ERROR—PARTIES.—All depositors of grain in a warehouse are necessary parties to an appeal in a suit in equity to determine their respective rights, especially one against whom, with the appellants, a judgment has been rendered because of the removal of more than his share of the grain.

Benton County: ROBERT S. BEAN, Judge.

Defendants appeal. Affirmed.

*J. R. Bryson,* and *L. Flinn,* for Appellants.

*John Kelsay,* and *W. S. Hufford,* for Respondents.

LORD, C. J.—This is a motion interposed by the plaintiff J. E. Hamilton, and the defendants Thomas Cooper, Marion Cooper, and the Cooper Bros., to dismiss the appeal in the above-entitled suit for want of jurisdiction. The motion is urged upon the ground that one of the defendants, the Salem Capital Flour Mills Co., who was a party to the suit in the trial court but who has not been served with notice of appeal to this court, is a necessary and indispensable party for a full and complete determination of the subject matter involved in the decree appealed from.

It appears from the record that the plaintiff brought a suit in equity against the defendants for the adjustment and determination of their respective rights in reference to a certain quantity of wheat which they had stored in mass in the warehouse of the defendant T. J. Blair. Upon the trial, the court below found that the plaintiff and defendants were tenants in common in twenty-six thousand and sixty-five bushels of wheat, and the number of bushels each of them had respect-

ively so deposited in the warehouse; that subsequently there occurred a loss or diminution of said wheat so stored, and that thereafter the defendants the Salem Capital Flour Mills Co., Hamilton, Job & Co., and J. E. Henkle & Co., took out of the wheat so stored in bulk the full amount of wheat each had respectively deposited, the same being the whole amount of wheat then remaining in said warehouse, and converted the same to their own use without the knowledge or consent of the other parties to the suit.    The court further found that the plaintiff and defendants Thomas Cooper, Marion Cooper, Cooper Bros., and G. H. Henderson, have not received any part or portion of the wheat so stored in said warehouse, and thereafter made a decree in favor of the plaintiff and the defendants Thomas Cooper, Marion Cooper, Cooper Bros., and G. H. Henderson, and against the defendants the Salem Capital Flour Mills Co., J. E. Henkle & Co., and Hamilton, Job & Co., a particular specification of which is unnecessary.    From this decree the defendants Hamilton, Job & Co. and J. E. Henkle & Co. have appealed to this court, but they have not served any notice of such appeal upon the defendant the Salem Capital Flour Mills Co.    Upon this state of the case, the contention of respondents is, that the Salem Capital Flour Mills Co. is a necessary and indispensable party to the suit in this court, for the reason that its presence is necessary, from the nature of the controversy, to a full and complete adjudication thereof, and hence that the failure of the appellants to make it a party is fatal to their appeal.

The trial court in disposing of the case proceeded upon the principle, as held by this court in *Brown* v. *Northcutt*, 14 Or. 529 (13 Pac. Rep. 485), that where several depositors have wheat stored in a warehouse in a common mass, and a deficiency occurs, not occasioned by the default of the depositors, the loss must be borne by each of them in the proportion which the amount of his wheat bears to the whole amount deposited; and that in

XXIII. OR.—5.

such case, where one or more depositors have received
the full quantity of the wheat deposited by them, or a
larger proportion than their ratable share, in view of such
deficiency they are bound to account to the other de-
positors for such excess according to the proportion of
the loss ; but to establish and enforce such ratable dis-
tribution, the suit "must be brought in equity, where all
the claimants can be heard, and a decree can be rendered
establishing the rights of each with respect to the prop-
erty in controversy": *Dows* v. *Ekstrone*, 3 Fed. R. 19.
"A court of equity," as WALKER, C. J., said, "has jurisdic-
tion to bring all the parties before the court and to do
complete justice between them.   It should ascertain the
deficiency of the joint property, and decree that each
joint owner share the loss in *pro rata* proportions ; and
if any of the owners have received from the common
stock more than their proportion, that they contribute
the excess to those who have not received their proper
proportion.   *   *   *   Thus complete justice will be done
and a multiplicity of suits and expense avoided": *Dole* v.
*Olmstead*, 36 Ill. 155.   From all this it is apparent that
in cases of this sort, before there can be any adjustment
or proper determination of the respective rights of the
parties to the property in controversy, by a decree, all
the depositors or parties interested must be brought
before the court.   It is only then that the court is in a
position to treat such property as a common fund, and
award a distribution in ratable proportion among the
depositors entitled to participate in it.

As in suits in equity the case must be tried anew in the
appellate tribunal, any change or any modification or
any reversal of the decree by this court would necessarily
have the effect to disturb or to destroy the ratable pro-
portion established by it to be distributed among the de-
positors and render a new division necessary, it would
follow that all the depositors who were parties to the suit
in the trial court would have a substantial interest to be
affected by such decree of the appellate tribunal as to

render their presence necessary. The general principle is well established that it is essential that all parties whose interests may be substantially affected by the judgment on appeal, should be made parties to the appeal. "It is an elementary rule in appellate proceedings," said NIBLACK, J., "that all parties to and affected by the judgment appealed from must be actually or constructively included in the appeal upon the principle that only those before the appellate court are bound by the appeal, and that hence the inclusion of all the parties to the judgment appealed from is necessary to confer complete jurisdiction upon the latter court": *Hunderlock* v. *Dundee Co.* 88 Ind. 141. And in Elliott's App. Proc. § 144, it is said that "it certainly is jurisdictional whenever the nature of the case is such as to render it necessary to have all the parties before the court in order to fully determine their rights." As any modification or reversal of the decree appealed from by this court must necessarily, from the nature of the controversy, materially affect the rights of all the other depositors, it results that their presence as parties, including the Salem Capital Flour Mills Co., is essential and indispensable to a complete adjudication of the matter in controversy, and that the failure of the appellants to notify said company and make it a party deprives this court of jurisdiction to entertain their appeal.

As a consequence, the motion must be allowed and the appeal dismissed.

BEAN, J., having presided at the trial of this cause in the court below, took no part in this decision.