Opinion of the court—BEAN, J.

· [Argued June 12, 1893; decided June 27, 1893.]

## MOODY v. MILLER.

[S. C. 33 Pac. Rep. 402.]

1. NOTICE OF APPEAL—ADVERSE PARTY—CODE, § 537.—Every party to a litigation who is interested in sustaining the judgment or decree appealed from is an "adverse party" within the meaning of section 537 of Hill's Code, and must be served with the notice of appeal. *Hamilton* v. *Blair*, 23 Or. 64, and *The Victorian*, 24 Or. 121, cited and approved. Within this rule a married woman who has executed a mortgage on two tracts of land, one of which is the property of her husband, is an "adverse party" to an appeal by the husband and his creditors from a judgment of foreclosure of such mortgage, finding that the debt was contracted for family supplies, and decreeing the sale of both tracts, and personal judgments for deficiency against both husband and wife.

2. IDEM—DEFAULT.—The fact that a party whose interests are adverse to the appellant has made default does not preclude the necessity of serving such party with notice of appeal.

Wasco County: W. L. BRADSHAW, Judge.

Z. F. Moody brought suit against Charles S. Miller, Mary E. Miller and others to foreclose a mortgage. Decree for plaintiff, from which Charles S. Miller and his creditors appeal. Respondent moves to dismiss the appeal. Motion allowed.

*William Lair Hill*, for the motion.

*Alfred S. Bennett*, contra.

MR. JUSTICE BEAN delivered the opinion of the court:

This is a motion to dismiss an appeal from a decree in favor of the plaintiff, on the ground that the notice of appeal has not been served upon all the adverse parties. The plaintiff brought a suit to foreclose a mortgage in his favor, executed by the defendant Mary E. Miller upon two certain tracts of land in Wasco County, one of which turned out, in the course of subsequent litigation, to be the property of her husband, the defendant Charles S. Miller,

from whom she had subsequently been divorced. The complaint avers that the mortgage was given to secure the payment of a debt contracted for the expenses of the family, and for money used in keeping in repair the property which was adjudged to the husband, and was therefore a debt of both Mary E. Miller and Charles S. Miller, and a joint lien upon their property; that both the parties are insolvent, and neither has any property except that covered by the mortgage; that the defendants Atwater & Bennett, and Smith are each subsequent encumbrancers of the property belonging to C. S. Miller, and their interests, if any, are subsequent and subject to the lien of plaintiff's mortgage; and that the defendant Grant has a judgment lien on the property of Mrs. Miller, which is also subsequent and subject to the lien of the plaintiff's mortgage. All the defendants were duly served with summons, and the defendants Mrs. Miller and Grant made default. The defendant C. S. Miller answered, tendering an issue mainly as to the debt for which the mortgage was given being one for family supplies, or repairs made upon his property, and claiming that neither he nor his property is liable therefor. The defendants Atwater & Bennett, and Smith, who are subsequent mortgagees of Miller, by their answer present substantially the same issue. The case was tried upon the evidence, and the court below found that the debt was contracted for family supplies, and decreed the foreclosure of the mortgage against the property of both Mr. and Mrs. Miller, and a personal judgment against both jointly for any amount that might remain unpaid after the sale of the mortgaged property, and that the interests of the other defendants be barred. From this decree the defendants C. S. Miller, Atwater & Bennett and Smith join in an appeal to this court, serving the notice of appeal upon the plaintiff, but not upon the defendants Mary E. Miller or Grant.

1.   The motion to dismiss is based upon the proposi-

tion that the defendants Mrs. Miller and Grant are both "adverse parties" within the meaning of the statute (section 537, Hill's Code) requiring the notice of appeal to be served upon the adverse party. In *The Victorian*, 24 Or. 121 (32 Pac. Rep. 1040), it was said by LORD, C. J., that an "adverse party" within the meaning of the provisions of the statute, upon whom notice of appeal must be served, is "evidently every party whose interest in relation to the judgment or decree appealed from is in conflict with the modification or reversal sought by the appeal," and that "the party interested in sustaining the judgment or decree is an adverse party to the appellant, and, as such, is entitled to notice of the appeal." The statute has not abrogated the common law rule requiring all persons whose interests would be affected by the reversal or modification of the decree to be made parties to the appeal, and to be brought into court. It has only changed the mode of bringing them into court: *Senter* v. *DeBernal*, 38 Cal. 637; *Lillienthal* v. *Caravita*, 15 Or. 339 (15 Pac. Rep. 280); *Shirley* v. *Burch*, 16 Or. 1 (18 Pac. Rep. 344); *Hamilton* v. *Blair*, 23 Or. 64 (31 Pac. Rep. 197). Now, it is clearly apparent that Mrs. Miller is interested in sustaining the decree appealed from, for if this decree is reversed as to her husband, she will not only be personally bound for the whole judgment, but the entire amount will become a lien upon her mortgaged property, and if the liens of Bennett & Atwater, and Smith, or either of them, are advanced, and the plaintiff's lien postponed, on the property of her husband; she likewise may become bound for the whole amount of the debt, so that there can be no modification or reversal of the decree in the particulars claimed by the appellants without injuriously affecting her rights, and this brings the case within the rule laid down in *The Victorian*, *ante*, 121, and is fatal to the appeal.

2. But it was argued that because she made default in the court below, she ceased to be an adverse party, and

was not entitled to notice of the appeal.  By her default she admitted nothing more than that the allegations of the complaint are true, and not that she is personally liable for the whole debt, or that it should be made a lien upon her property alone.  No such issue was tendered to her, nor was she called upon to make any defense thereto, but when the appellants by this appeal seek to attack the decree of the court below they become the moving parties, and must, by their notice, bring into court all the parties to the record whose interests will be injuriously affected by the reversal or modification of the decree appealed from, and, not having done so, the motion must be allowed and the APPEAL DISMISSED.