Argued December 3, 1896; decided January 18, 1897; rehearing denied.

## STULLER v. BAKER COUNTY.
### (47 Pac. 705.)

ADVERSE PARTY—SERVICE OF NOTICE OF APPEAL.—In a suit against
a county and its treasurer and sheriff to restrain the levy of a tax
to meet the payment of certain county warrants which are claimed
to have been illegally issued, the county is an adverse party so
as to require it to be served with the notice of appeal by the
other defendants from a decree granting the injunction, for if
the decree be modified or reversed, its liability to pay will cer-
tainly be affected: *Hamilton* v. *Blair*, 23 Or. 64; *The Victorian*,
24 Or. 121; and *Moody* v. *Miller*, 24 Or. 179, approved and followed.

From Baker: ROBERT EAKIN, Judge.

Motion to dismiss an appeal.

DISMISSED.

*Mr. H. E. Courtney*, District Attorney, for the motion.

*Mr. Chas. A. Johns, contra.*

PER CURIAM.    This is a motion to dismiss an appeal.
The facts are that the plaintiffs, C. H. Stuller, M. J. Ham-
ilton, and J. P. Bowen, instituted a suit against the defend-
ants, Baker County, W. W. Travillian as county judge,
William Brown and J. H. Hamilton as county commis-
sioners, John H. Jett as county treasurer, and W. H.
Kilburn as sheriff of said county, to restrain the levy of
any tax to meet the payment of certain county warrants,
which it is alleged were issued in violation of law; to
enjoin the sheriff from receiving them in payment of
taxes, and the treasurer from paying the same with county
funds. At the trial the court found that a portion of said
warrants had been unlawfully issued; that the sheriff
threatened to receive them in payment of taxes, and the
treasurer to receive and pay the same, and thereupon per-

petually enjoined the sheriff and treasurer from carrying such threats into execution. From this decree the defendants Jett and Kilburn attempted to appeal by serving a notice thereof upon the plaintiffs. The district attorney, appearing for the county, contends that the County of Baker and its judge and commissioners, being co-defendants, are adverse parties to the appellants (Hill's Code, § 537), and no service of such notice having been made upon them or either of them, this court has acquired no jurisdiction of the cause, for which reason he moves to dismiss the appeal. LORD, C. J., defining the term adverse party, says: "Evidently every party whose interest in relation to the judgment or decree appealed from is in conflict with the modification or reversal sought by the appeal": *The Victorian,* 24 Or. 121 (41 Am. St. Rep. 838, 32 Pac. 1040). To the same effect are: *Hamilton* v. *Blair,* 23 Or. 64 (31 Pac. 197); and *Moody* v. *Miller,* 24 Or. 179 (33 Pac. 402). If the decree of the court below should be reversed, and one entered here dissolving the injunction, the interests of the defendant Baker County would necessarily be injuriously affected thereby to the extent of the value of the warrants which the court found to be unlawfully issued, and hence it is an adverse party to the appellants *(Osborn* v. *Logus,* 28 Or. 302), and, not being served with notice of the appeal, the motion to dismiss must be sustained, and it is so ordered.

DISMISSED.