## ALLIANCE TRUST COMPANY v. O'BRIEN.

[50 Pac. 801; 51 Pac. 640.]

| 32 | 333 |
| 34 | 343 |
| 32 | 333 |
| 37 | 36 |

1. ADVERSE PARTIES TO AN APPEAL. — A trustee who has mortgaged the property of his beneficiary, and has defaulted in a suit for foreclosure brought against them jointly, is not a necessary adverse party on appeal by the beneficiary from the decree of foreclosure, where the decree was rendered against the mortgagor by default upon publication of summons, and therefore did not and could not include a personal judgment against him.

2. FRAUDULENT CONVEYANCES — BONA FIDE MORTGAGEE — NOTICE BY POSSESSION — ESTOPPEL. — One who, for the purpose of delaying and hindering creditors, places the title to land in another, cannot invoke the doctrine that possession is notice of his rights to such property, as against a *bona fide* mortgagee without notice.

3. IDEM. — The real owner of property placed the title in her sister, permitted her to hold herself out as the real owner and to pay the taxes thereon, and exercised no rights of ownership except to live on the property. The sister mortgaged the property to one who had no actual notice of the facts, and with a knowledge of this the real owner assigned the insurance policy on the house, so that the loss, if any, should become payable to the mortgagee. *Held,* that the owner is estopped by her conduct from asserting any title that shall take precedence of the mortgage.

From Multnomah: LOYAL B. STEARNS, Judge.

Suit to foreclose a mortgage. Jurisdiction over the mortgagors was obtained by publication, and a decree entered as prayed for, after a defense by Annie Petrain, who appeals. The facts are fully stated in the two opinions.

For appellant there was a brief over the names of *Jarvis V. Beach* and *Alfred F. Sears, jr.,* with oral arguments by *Mr. Beach* and *Mr. Nathan D. Simon.*

For respondent there was a brief over the names of *Bronaugh, McArthur, Fenton & Bronaugh,* with oral arguments by *Mr. Earl C. Bronaugh, jr.*

Decided November 8, 1897.

ON MOTION TO DISMISS APPEAL.

[50 Pac. 801.]

PER CURRIAM.    This suit was brought to foreclose
a mortgage executed by the defendants, John A. and
Emily N. O'Brien, to the Alliance Trust Company,
Limited, on certain real property in the City of Port-
land, to secure the payment of $1,400 and interest.
The defendants O'Brien, being nonresidents of the
state, were served with summons by publication, but
made default.    The defendants Petrain answered,
setting up title and possession in Annie Petrain at
the time of the execution of the mortgage and ever
since, and that the defendant Emily H. O'Brien held
the legal title thereof at that time in trust for her, and
that plaintiff had knowledge of these facts.    A reply
was filed, and, upon the issues joined the court found
that the property in question in fact belonged to the
defendant Annie Petrain, as alleged, but that she was
estopped by her conduct from questioning the right
of the O'Briens to mortgage the same to the plaintiff,
and thereupon entered a decree foreclosing the mort-
gage and ordering the property sold.    From this de-
cree the Petrains appeal, but served no notice thereof
upon the O'Briens.    The plaintiff now moves to dis-
miss the appeal, claiming that the O'Briens are ad-
verse parties to the appellant and should have been
served with notice.

1.    It is no longer an open question in this state
that any party to a litigation whose interest in relation
to the decree or judgment appealed from is in conflict

with the modification or reversal sought is an adverse party, and must be served with a notice of appeal: *Hamilton* v. *Blair*, 23 Or. 64 (31 Pac. 197); *The Victorian*, 24 Or. 121 (32 Pac. 1040); *Moody* v. *Miller*, 24 Or. 179 (33 Pac. 402); *Jackson County* v. *Bloomer*, 28 Or. 117 (41 Pac. 930).  But the O'Briens do not come within this rule.  They have no interest in the decree appealed from in conflict with a reversal or modification thereof.  There is no valid personal judgment against them because they were served by publication, and the only effect of the decree is to foreclose their interest, if any, in the mortgaged premises, and the reversal of such decree could not affect them injuriously.  It is claimed that they are adverse parties because a reversal would release the mortgaged premises from sale in satisfaction of their debt and leave its burden upon them.  It is possible such might be the result if they are still liable upon their note, but, if so, it would not follow as the direct result of any change or modification of the decree in question which could be made on this appeal; and it is from the interest a party has in the particular decree or judgment appealed from that the question of adverse parties must be determined, and not from some possible consequence which may flow therefrom.  The motion to dismiss is therefore overruled.

MOTION OVERRULED.

Decided January 10, 1898.
ON THE MERITS.
[51 Pac. 640.]

MR. JUSTICE BEAN delivered the opinion.

This is a suit against Emily H. O'Brien, John A. O'Brien, her husband, Annie Petrain and Charles A. Petrain, her husband, and others, to foreclose a mortgage on lot 6, in block 262, of Couch's Addition to the City of Portland, executed by the O'Briens to the plaintiff company March 3, 1890, to secure the payment of their note for $1,400, borrowed by them from the company. The complaint is in the usual form. The defendants Petrain, by their answer, deny on information and belief all the allegations of the complaint; and, as an affirmative defense, aver that at the time of the execution of the mortgage the defendant Annie Petrain was the owner of the mortgaged premises, and in the actual, *bona fide* and exclusive possession thereof; that such premises were purchased with her money some time in 1886, but that her father, who superintended the purchase and transfer, had the conveyance made to her sister, Mrs. O'Brien, although it was always understood that she was the owner, and that Mrs. O'Brien held the title in trust for her; that soon after the purchase she and her husband, with their own means, erected on the premises a dwelling house, upon the completion of which they entered into the occupation thereof, and have ever since remained in the actual, exclusive and notorious possession of the same, claiming title, of which the plaintiff was duly notified before taking

the mortgage in question. For a reply the plaintiff denies all the affirmative allegations of the answer except the possession of the premises by the defendants Petrain, and, by way of estoppel, sets up, in effect, that Mrs. Petrain caused the property described in the mortgage to be conveyed to her sister, Mrs. O'Brien, for the purpose of defrauding creditors, and concealing her claim to the ownership thereof, and thus induced third persons to believe that Mrs. O'Brien was the true and lawful owner; that, acting on such belief, plaintiff loaned the money referred to in the complaint, and took the mortgage in question as security therefor in good faith; that, at the time of the execution of the note and mortgage, the dwelling house on the mortgaged premises was insured for the sum of $600 in the name of Mrs. O'Brien, loss, if any, payable to Mrs. Petrain, and that shortly thereafter she waived in writing her interest in the policy, and, by indorsement thereon, made the loss, if any, payable to the plaintiff, and the policy so indorsed was thereupon delivered to it, whereby it was further induced to and did believe that Mrs. O'Brien was the true and lawful owner of the property, and had a right to execute the mortgage in question, and so permitted the loan to remain, without asking or demanding any further security, and was not aware of Mrs. Petrain's claim to the property until long thereafter. The trial resulting in a decree in favor of plaintiff, the Petrains appeal.

The material facts in the case are practically undisputed. It is either admitted or clearly shown by the testimony that some time prior to 1885 Mrs. Showers,

the mother of Mrs. O'Brien and Mrs. Petrain, died, leaving about $3,000 in money, in equal shares, to her two daughters. Soon thereafter this money, or the larger portion thereof, was invested in Portland property, which was, in 1885 or 1886, exchanged for four lots in Couch's Addition, two of which were to belong to Mrs. O'Brien, and the other two—one being the property in question—to Mrs. Petrain; but the title to the entire tract was taken in the name of Mrs. O'Brien, for the purpose, as Mrs. Petrain testifies, of concealing her ownership therein from her creditors and the public, for the reason that she and her husband were largely indebted at the time. Soon after the conveyance of these lots to Mrs. O'Brien a dwelling house was built upon one of those intended for Mrs. Petrain with the proceeds of the other, and she and her husband immediately entered into possession thereof, and have occupied the same ever since. In her application for a loan Mrs. O'Brien represented to the plaintiff that she was the owner of the property, and that it was occupied by the Petrains rent free, and it is admitted that plaintiff had no notice or knowledge of their interest in the property, unless it is chargeable therewith on account of their possession. At the time the loan was made the dwelling house was insured in the sum of $600 in the name of Mrs. O'Brien, loss, if any, payable to Mrs. Petrain, and, either before or soon after the execution of the mortgage,—and upon this point the evidence is somewhat uncertain,—the policy was delivered by Mrs. Petrain to the mortgage company, and some two or three months thereafter she waived in writing her interest

in it, and consented that the loss, if any, should be payable to the plaintiff.

2.    The court below held that upon these facts the defendants are not entitled to assert their equitable title as against the plaintiff's mortgage, and in this view we concur.   It is not pretended that the plaintiff, at the time it took the mortgage in suit, had actual notice of defendants' equity, but they invoke the doctrine that open and peaceable possession of land by a stranger to the title is constructive notice to the world of the possessor's rights therein, and therefore the plaintiff is chargeable with knowledge of Mrs. Petrain's interest in the mortgaged premises. But as it is admitted that the deed to Mrs. O'Brien was made with the consent and by the direction of Mrs. Petrain, with the view of hindering and delaying her creditors, and with the design of concealing the true ownership of the property, and so misleading the public, it is doubtful whether she is in a position to invoke the doctrine referred to.   This doctrine is intended as a shield to protect the rights of those who are entitled to the consideration of a court of equity, and not as a cover for fraud.   Its object is to protect the possessor from the acts of others, and not from his own acts.   And the protection which the registry law gives to those dealing with land upon the faith of the record ought not to be withdrawn, except upon proof of a clear equity in him who seeks to establish a right in hostility to the record title; and hence it is held that the continued possession of a vendor after conveyance of the land is not notice to a *bona fide* purchaser or incumbrancer so as to make it necessary

for him to inquire whether the possessor has reserved any interest in the land conveyed: *Exon* v. *Dancke*, 24 Or. 110 (32 Pac. 1045). And, upon the same principle, where one, for the purpose of concealing his interest in land, has the legal title put in another, and thus intentionally and designedly gives out to the public that such other is the absolute owner, it would seem that he ought to be held, in equity, to the consequences of his action, as against innocent purchasers for value from the holder of the legal title, and such is the ruling of the court in *Groton Bank* v. *Batty*, 30 N. J. Eq. 126. And, again, the principle that the possession of land by a stranger to the title is notice to one dealing with the holder of the legal title of the rights of the party in possession, proceeds upon the hypothesis that the truth could be ascertained upon making due inquiry, and that it is bad faith or gross neglect for an intending purchaser not to do so. He is, therefore, charged with notice of everything in relation to the title which could be known upon such an inquiry: 2 Pom. Eq. §§ 615, 623. But where the party in possession puts the apparent legal title in another, for the avowed purpose of concealing the truth, there can be no presumption that an inquiry would have elicited the truth, or have discovered any facts other than as shown by the record, and hence it would be a useless proceeding, which it would seem ought not to be required. It follows from these views, if correct, that Mrs. Petrain is not entitled to the aid of the doctrine that possession is notice, under the circumstances of this case, and for this reason the decree ought to be affirmed.

3.   But, if this view is not sound, we are still clearly of the opinion that, under all the circumstances of the case, plaintiff's mortgage ought to take precedence over the defendants' claim to the property.   Mrs. Petrain not only allowed her sister to appear to the public as the actual owner of the property, with full power of disposition thereof, but she herself never exercised any acts of ownership over it, except the mere fact of possession.   It was assessed to Mrs. O'Brien, all taxes and street assessments were paid by her, and she exercised such control of the premises as would ordinarily be exercised by the owner of property occupied by a tenant.   In addition to this, it is admitted that Mrs. Petrain knew, soon after the execution of the mortgage, that it had been given, and, with knowledge of that fact, surrendered and transferred to the mortgage company the policy of insurance on the house without any objection or protest on her part, and without notifying the company of her interest or claim in the property.   She thus naturally led it to believe that Mrs. O'Brien had a legal and lawful right to execute the mortgage in question, and to refrain from demanding further security of the O'Briens or taking measures to obtain other redress from them.   And these circumstances, taken in connection with the fact already alluded to, that Mrs. O'Brien held the title for the purpose of concealing it from the creditors of Mrs. Petrain, is sufficient, in our opinion, to render it inequitable for the defendants to assert the title now claimed as against the mortgage in question: *Groton Bank* v. *Batty*, 30 N. J. Eq. 126; *Ford* v. *Loomis*, 33 Mich. 121; *Dickerson*

v. *Colgrove,* 100 U. S. 578. This case is not controlled
by the decision in *Petrain* v. *Kiernan,* 23 Or. 455 (32
Pac. 158), although it involved the title to the premises
now in controversy, because no defense was made in
that case on the ground that the conveyance to Mrs.
O'Brien was for the purpose of defrauding creditors,
and, besides, the facts were essentially different from
the case in hand.

AFFIRMED.


Decided November 29, 1897.