Decided 19 July, 1899.

## CONRAD v. PACIFIC PACKING CO.

[49 Pac. 659; 52 Pac. 1134; 57 Pac. 1021.]

1. AMENDING DECREE ON APPEAL.—A decree cannot be amended on motion of a party who did not appeal, since the jurisdiction of the supreme court is confined to the revising of final decisions appealed from.

2. AMENDING RECORD AFTER APPEAL HAS BEEN PERFECTED.*—Whether a transcript in the supreme court should be amended by adding a *nunc pro tunc* order, made by the trial court after the appeal had been perfected, is considered but not decided.

3. WHO IS AN ADVERSE PARTY TO AN APPEAL.—A defendant whose mortgage is upheld by a decree in a suit to set aside several mortgages is a necessary party to an appeal by a co-defendant whose prior mortgage is held invalid, and must be served with notice of such appeal, under Section 537 of Hill's Ann. Laws.

---

*NOTE.—See *State ex rel.* v. *Estes, ante,* p. 197, and *Washburn* v. *Interstate Investment, Co.,* 26 Or. 436.

34 OR.—22.

From Multnomah :   Henry E. McGinn, Judge.

Suit by Peter Conrad and others against the Pacific
Packing Co., a corporation, and others, for the appoint-
.ment of a receiver, and to wind up the affairs of defend-
ant corporation.   From the decree said corporation and
other defendants appealed.

A mortgagee who had not appealed filed a motion to
have the decree amended as to him, which was denied ;
whereupon he procured a *nunc pro tunc* order in the trial
court, making the desired correction, and then moved
for permission to add such order to the transcript.   This
was not finally decided, being reserved for the final
hearing, which was never reached, however, as the
respondents moved for and secured a dismissal.

MOTION OVERRULED ; APPEAL DISMISSED.

Decided 26 July, 1897.
ON MOTION TO MODIFY DECREE.
[49 Pac. 659.]

*Mr. Jos. N. Teal* for the motion.

*Mr. Allan R. Joy, contra.*

PER CURIAM.   This is a motion by a judgment cred-
itor of the defendant to correct a decree against it.   The
material facts are that plaintiffs, as stockholders, brought
a suit against the Pacific Packing Company, an alleged
insolvent corporation, for the appointment of a receiver,
and to wind up its affairs, whereupon P. Selling and
other creditors were made parties -defendant.   Issues

having been joined, the evidence was taken, from which the court found that on December 17, 1892, the corporation, being the owner in fee of certain real property, executed a mortgage thereon to secure the sum of $1,700, which was duly assigned to the defendant, Charles W. La Barre; that on December 28, 1895, P. Selling, having commenced an action against the said corporation to recover the sum of $700, and interest, caused its property to be attached, and thereafter obtained a judgment for the amount demanded; that on February 13, 1896, the corporation executed its mortgage to one Mary Young upon certain property; that she duly assigned the same to the Commercial National Bank, and that the amount due thereon is the sum of $3,000. And the court thereupon decreed that the property of the corporation be sold, and out of the proceeds there be paid: (1) To Charles W. La Barre, the sum of $1,700; (2) to the Commercial National Bank, the sum of $3,000; and (3) that the balance be distributed *pro rata* among all *bona fide* creditors of the Pacific Packing Company.

From this decree the corporation and other defendants appeal; but, after the time had elapsed for taking an appeal, Selling discovered that the lien of his judgment was made by the decree subordinate to the lien of the Commercial National Bank. He therefore moves to amend the decree, contending that the failure of the trial court to provide therein for the application of the proceeds of the sale of the property of the corporation according to its findings of fact was an inadvertent omission, and that, the cause having been brought here, this court possesses plenary power to correct the error complained of, notwithstanding his failure to take an appeal.

1. The jurisdiction of this court is restricted to the revision of the final decisions of the circuit courts brought here by appeal; and, this being so, it is evident

that the decree in this cause cannot be modified until the final hearing on the merits, and then only as to the parties to the appeal; and, inasmuch as the motion contemplates a modification of the decree in the interest of a defendant not a party to the appeal, it follows that the motion must be denied, and it is so ordered.

MOTION DENIED.

*Decided 14 March, 1898.*

## ON MOTION TO AMEND TRANSCRIPT.

[52 Pac. 1134.]

*Mr. Joseph N. Teal* for the motion.

*Mr. Wallis Nash, contra.*

PER CURIAM. 2. This is a motion for leave to add to the transcript of the cause a *nunc pro tunc* order of the trial court, modifying the conclusions of law and the decree based thereon. It appears that said court, after the appeal was perfected, upon motion of P. Selling, a judgment creditor of defendant, made an order correcting an error in its findings and decree so as to show that the lien of Selling's judgment, first decreed to be inferior and subsequent to the lien of a mortgage held by the Commercial National Bank upon defendant's property, is in fact superior and prior thereto, and thereupon decreed a sale of defendant's property and an application of the proceeds arising therefrom in such a manner as to prefer the judgment to said mortgage. Counsel for Selling seek to have this order made a part of the transcript, contending that the court below had power,

notwithstanding the term at which the decree was rendered had expired, and that an appeal had been perfected, to amend the record so as to make it speak the truth; while counsel for appellant insists that Selling by his motion sought to correct a judicial error, and not to make the decree conform to the decision of the court; that the conclusion of law as first found by the court is one of the alleged errors of which appellant complains, and hence, after the appeal was perfected, the trial court was without jurisdiction to make the amendment. The authorities are somewhat conflicting as to the right of a trial court to amend its record after an appeal has been perfected, in view of which we deem it expedient to deny the motion, with leave, however, to reargue it upon the trial of the cause upon the merits. It is so ordered.

MOTION POSTPONED.


Decided 17 July, 1899.

ON MOTION TO DISMISS THE APPEAL.

(57 Pac. 1021.)

*Messrs. Joseph. N. Teal, Raphael Citron* and *Michael G. Munly* for the motion.

*Mr. Geo. G. Bingham, contra.*

MR. JUSTICE MOORE delivered the opinion.

This is a motion to dismiss the appeal. One of the objects of the suit is to set aside certain mortgages executed by the defendant the Pacific Packing Company, an insolvent corporation, which, if valid, are liens upon its real property to secure the respective sums in the

order stated, and in favor of the following named defendants: (1) Charles W. La Barre, $1,700; (2) Allen R. Joy, $6,500; and (3) Mary Young, $3,500. The answer alleges that Mary Young's mortgage was given to indemnify her for liability assumed as security on a note of $3,000 executed by the corporation to the Commercial National Bank of Portland, to which the mortgage had been assigned as collateral security. No formal order was made by which said bank became a party, but it appeared by counsel, and the court finds that it submitted itself to the jurisdiction of the court. The cause being at issue, was tried, and from the evidence taken the court found that Joy's mortgage was invalid, and decreed that the real and personal property of the corporation be sold, and that the proceeds arising therefrom be applied as follows: (1) To La Barre's mortgage, the sum of $1,700; (2) to the Commercial National Bank, $3,000 and interest; and (3) to the other *bona fide* creditors of the corporation *pro rata*, those having securities or prior liens being first entitled to the benefit thereof. From such portions of the decree as affect the validity of Joy's mortgage, a part of the defendant's attempt to appeal, but failed to serve the notice thereof upon the Commercial National Bank or Mary Young. The respondents' motion, one ground of which is "that the notice of appeal has not been served upon all of the adverse parties," was heretofore orally overruled, with leave, however, to reargue it at the trial of the case on its merits.

3. An appeal is taken · by the appellants causing a notice to be served on the adverse party: Hill's Ann. · Laws, § 537. An adverse party, within the meaning of this section, is a party whose interest in relation to the judgment, or decree, appealed from is in conflict with the modification, or reversal, sought by the ap-

peal: *Lillienthal* v. *Caravita*, 15 Or. 339 (15 Pac. 280); *Hamilton* v. *Blair*, 23 Or. 64 (31 Pac. 197); *The Victorian*, 24 Or. 121 (41 Am. St. Rep. 838, 32 Pac. 1040); *Moody* v. *Miller*, 24 Or. 179 (33 Pac. 402); *Jackson County* v. *Bloomer*, 28 Or. 110 (41 Pac. 930); *Osborn* v. *Logus*, 28 Or. 302 (37 Pac. 456); *Stuller* v. *Baker County*, 30 Or. 294 (47 Pac. 294); *Alliance Trust Co.* v. *O'Brien*, 32 Or. 333 (50 Pac. 801). If the decree appealed from should be reversed, and one entered here restoring the lien of Joy's mortgage, it, being prior in time, would become superior in right to the lien of the Commercial National Bank, in which case the interests of the latter would necessarily be in conflict with such reversal; and, neither the bank nor its assignor having been served with the notice, it follows that the appeal must be dismissed.

APPEAL DISMISSED.