Argued 4 June, decided 18 June, 1907.

**KRAMER *v.* MARSH.**

90 Pac. 583.

APPEAL—ILLUSTRATION OF ADVERSE PARTY.

Where certain land on which plaintiff attempted to impose a lien had béen sold under a bond for a deed, and the vendors successfully contested the rights of the vendee in the premises, and also defeated plaintiff's claim of lien, such vendee is an adverse party on whom notice of appeal taken by plaintiff must be served.

From Marion: WILLIAM GALLOWAY, Judge.

Suit by Willis Kramer and others against Canfield Marsh and others. From a decree dismissing the suit as against plaintiffs, they appeal. On motion to dismiss.          DISMISSED.

*Mr. George Greenwood Bingham* for the motion.

*Mr. Charles Edwin Lenon contra.*

Opinion by MR. JUSTICE MOORE.

This is a motion to dismiss an appeal. A suit was commenced against Canfield Marsh, Sophia, his wife, and Lester W. Humphrey, to recover from the former a sum of money, and to impress a lien therefor on an undivided one-fourth interest in certain real property situate in Marion County, which premises Marsh and his wife had covenanted, in a bond for a deed, to convey to their codefendant, for $1,000, evidenced by Humphrey's promissory note, which stipulated for the payment of that sum in installments of $83.33 each, the first becoming due December 30, 1904, and others maturing every three months thereafter until September 30, 1907, when the final payment was to be made, and a deed executed. The note further provided that, if default were made in the payment of any installment when it matured, the remainder of the purchase price of the land should immediately become due and collectible, at the option of the holder of the note, upon which the following are the only payments that have been made, to-wit: February 14, 1905, $98.35; and May 29 of that year, $97.08. Marsh and wife, answering separately, deny the material allegations of the complaint, and,

49 OR.— 27

in their reply to Humphrey's answer, aver that, by reason of his failure to pay the installments agreed upon, the bond for a deed has become and is rendered void, and pray that he be directed to pay the remainder of the purchase price within 60 days from the time the decree is given, and that in default thereof his interest in the real property may be barred and foreclosed. The cause was tried and a decree rendered against Humphrey, as prayed for in the reply; but the suit was dismissed as to the plaintiffs, who attempted to appeal by serving a notice thereof upon Marsh and his wife; but no notice of appeal was served upon or given to Humphrey, and for this reason it is contended by respondent's counsel that no jurisdiction of the cause was obtained.

The question to be determined is whether or not Humphrey is an adverse party. The statute provides that, if an appeal is not taken at the time the decision complained of is rendered, the party desiring to review the judgment or decree may cause a notice of appeal to be served upon such adverse party or parties as have appeared in the action or suit: B. & C. Comp. § 549. An adverse party is a natural or an artificial person by or against whom an action or suit is brought, and whose interest, in relation to the judgment or decree rendered therein, is in conflict with a modification or reversal thereof by an appeal therefrom: *The Victorian,* 24 Or. 121 (32 Pac. 1040: 41 Am. St. Rep. 838); *Bennett* v. *Minot,* 28 Or. 339 (39 Pac. 997); *Alliance Trust Co.* v. *O'Brien,* 32 Or. 333 (50 Pac. 801); *Cooper Mfg. Co.* v. *Delahunt,* 36 Or. 402 (51 Pac. 649). The notice of appeal was not served until nearly six months after the decree was rendered, and whether or not Humphrey, within the 60 days limited therefor, paid the amount of the note and secured a deed to the premises, or neglected to comply with the court's direction in that particular, is not disclosed. The decree recognizes his right to the land, and concedes that Marsh holds the legal title thereto, which is to be transferred to him upon the payment of the remainder of the purchase price. If the decision sought to be reviewed is reversed or modified, and a decree rendered in

this court, awarding any sum against Marsh, as prayed for by the plaintiffs, and declaring such recovery to be superior to the equitable interest of Humphrey in the premises, as alleged in the complaint, the specific charge thus imposed on the land would necessarily tend to impair his estate therein, unless he has abandoned all .claim thereto, which is not apparent from an in-spection of the transcript. This being so, he is an adverse party, and the appeal is dismissed.    DISMISSED.

---

Decided 18 June, 1907.