Submitted on briefs without argument May ·7, decided July 1, 1913.

# CLAYPOOL *v.* O'NEILL.

## (133 Pac. 349.)

**Waters and Watercourses—Water Rights—Judgments—Effect.**

1. Under Sections 756, 6595, L. O. L., respectively providing that a judgment or decree is, as to the matter determined, conclusive between the parties and their successors in interest, and that the state board of control cannot impair relative priorities to the use of water among parties to any decree rendered prior to the taking effect of the water code, a decree fixing the priority of the parties to waters for irrigation, entered prior to the taking effect of the water code, is conclusive, not only on the parties, but on the successors in interest.

**Judgment—Attack—Collateral Attack.**

2. A decree of a court of general jurisdiction is unimpeachable in a collateral proceeding.

**Waters and Watercourses—Appropriations—Rights.**

3. A prior appropriation does not confer upon the appropriator an absolute right to the body of water diverted from the stream and he cannot allow it to run to waste, and prevent others from using it, when it is not necessary for the purposes of his appropriation.

> [As to the constitutionality of legislation forbidding the waste of water, natural gas, and the like, see note in Ann. Cas. 1912C, 165.]

**Waters and Watercourses—Appropriation—Decree—Effect.**

4. A decree adjudging contestee entitled to so many inches of water under his appropriation for irrigation purposes will not be construed as entitling him absolutely to that amount of water, but only permits the taking of the amount necessary for the purposes of his appropriation, and he cannot, if it is unnecessary for the irrigation of his own land, divert it to irrigate the land of another.

**Waters and Watercourses—Appropriation—Decree—Effect.**

5. A personal decree, enjoining one of the contestants and the other's grantor from interfering with the contestee's appropriation of water for irrigation, is conclusive only as to contestee's right to appropriate a sufficient amount of water to irrigate his land, but is not a final adjudication as to the priorities between contestee's lands and those of the lands of the defendants in that proceeding.

From Malheur: DALTON BIGGS, Judge.

Statement by MR. JUSTICE EAKIN.

This is a proceeding by R. F. Claypool and Arthur Sevey against Francis O'Neill, brought into the Cir-

cuit Court by an appeal from the adjudication made by the board of control of the State of Oregon of the rights and priorities to the waters of Cottonwood Creek, a tributary of Bully Creek, in Malheur County, Oregon, in which Francis O'Neill sets up the fact that his rights to the waters of said creek had been adjudicated against Corder, the predecessor in interest of Claypool, in the south one-half of the northwest one-quarter, and the northwest one-quarter of the southwest one-quarter, of Section 9, and against Arthur Sevey by the Circuit Court of the State of Oregon for Malheur County, on the 6th day of October, 1899. In its determination of the relative rights to the use of the waters of said creek the board of control appears to have ignored the decree of the Circuit Court; and the Circuit Court in this case reversed the determination of the board of control, adjudging Francis O'Neill's rights as decreed in the former suit, namely, to the use of 100 miner's inches of water. From the decree of the Circuit Court, Claypool and Sevey appeal to this court.              REVERSED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

For appellants there was a brief over the names of *Messrs. Hayes & Crandall.*

For respondent there was a brief over the names of *Mr. John L. Rand, Mr. A. A. Smith* and *Mr. William H. Packwood, Jr.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. The important question for consideration is whether the decree in *O'Neill* v. *Corder et al.* is final

and conclusive against Claypool and Sevey in this proceeding to the extent that O'Neill must be considered the owner of 100 miner's inches of water in the flow of the creek; defendant contending that the said decree gives Francis O'Neill absolute title to the 100 miner's inches of water regardless of his needs, while plaintiffs contest his right to more water than necessary for the irrigation of his land. The board of control evidently disregarded that decree in determining defendant's rights. It is provided in Section 6595, L. O. L., that the board of control cannot impair relative priorities to the use of water, among parties to any decree of the courts rendered in causes determined prior to the taking effect of the water code of 1909. The rule is that the decree of a court of general jurisdiction is unimpeachable in a collateral proceeding: L. O. L., § 756. It is conclusive of every fact necessary to uphold it as to all matters actually determined, or that might have been determined, upon the issues made: *White* v. *Ladd*, 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732). The suit of *O'Neill* v. *Corder* was commenced for the purpose of establishing the rights of plaintiff, and to enjoin the defendants from interfering therewith. Defendants were served with summons and appeared by demurrer, which was overruled; and, the defendants having failed to answer, and Corder consenting in writing, a decree was rendered which is conclusive against the defendants therein of the matters decided.

3. However, the decree gives to O'Neill the continuous and exclusive use of 100 miner's inches of water without reference to his needs, and he contends that he owns the title to the water absolutely, diverting it also for use on the lands of his wife, to the evident detriment of the plaintiffs in this proceeding, as the right of the wife's land to the use of said water is not next in priority. The rule is that when a party

65 Or.—33

has a prior right to a certain quantity of water for irrigation, he is entitled to it only to the extent needed for the use for which it is appropriated. Thereafter the next person in right and priority, to the extent of that right, is entitled to the water when not so required by the prior claimant: *Gardner* v. *Wright,* 49 Or. 609 (91 Pac. 286).

4. In the case of *Mann* v. *Parker,* 48 Or. 321 (86 Pac. 598), it is said that an appropriation does not confer such an absolute right to the body of the water diverted from a stream. The appropriator cannot allow it to run to waste nor prevent others from using it when it is not necessary for the purposes of his appropriation: See, also, *Mattis* v. *Hosmer,* 37 Or. 523 (62 Pac. 17, 632); *Hough* v. *Porter,* 51 Or. 318 (95 Pac. 732, 98 Pac. 1083, 102 Pac. 728); *Ison* v. *Sturgill,* 57 Or. 109 (109 Pac. 579, 110 Pac. 535); *Little Walla Walla Irr. Union* v. *Finis Irr. Co.,* 62 Or. 348 (124 Pac. 666, 125 Pac. 270). And no doubt the court in this case intended to decree to O'Neill no greater right.

5. In *Gardner* v. *Wright,* 49 Or. 609 (91 Pac. 286), the opinion limits the defendant to the need, namely: "As between the parties, plaintiffs and defendant herein, at all times that the water is not required by one of them, it should be at the disposal of the other." And this is the intent in all cases. It was beyond the province of the court to decree the water to plaintiff for a greater period than actually needed. Otherwise the effect of the decree in *O'Neill* v. *Corder* as to Sevey cannot be questioned in this proceeding. Sevey had his day in court as to the amount of water needed for the irrigation of O'Neill's land, and cannot be heard to complain now; but Claypool was not a party to that suit, and neither he nor his land is bound by the decree. If Corder had answered in that case and claimed a prior appropriation for that land, the decree

would be final as to priorities between the O'Neill lands and the Corder lands, but the only issue tendered was as to O'Neill's right to water for his land, and was against Corder to enjoin him from interfering with O'Neill's use. It was adjudged that O'Neill was entitled to 100 miner's inches, and Corder and Sevey were enjoined from interfering with his use of the same. The decree was personal as against them, but there was no adjudication as to the rights of the land then occupied by Corder: See *Davis* v. *Chamberlain,* 51 Or. 304 (98 Pac. 154).

This covers the only question raised by O'Neill's objections to the findings of the board of control, and necessitates a reversal of the decree of the Circuit Court by which it is adjudged that the decree in *O'Neill* v. *Corder* is conclusive against Claypool, as successor in interest to Corder, in the land claimed by him for the exclusive and continuous prior right to 100 miner's inches of the waters of the creek; and the findings of the board as to their relative rights will be modified to the extent following: As against Arthur J. Sevey, Francis O'Neill is entitled to a prior right of 2.5 second-feet of the water when actually needed upon his lands, described as the south half of the northwest quarter and the northwest quarter of the southwest quarter, of section 9, and when not so needed and used thereon shall, to the extent of their interests as determined by the board of control, be at the disposal of the other parties hereto in the order of their priorities.

The decree of the Circuit Court is reversed, and the adjudication of the board of control is modified. The interests of the parties as herein determined shall be observed by the water master of the district. Neither party shall recover costs on this appeal.

REVERSED.