Motion to dismiss appeal allowed September 26, 1916.

# VAN ZANDT *v.* PARSON.

(159 Pac. 1153.)

**Appeal and Error—Notice of Appeal—"Adverse Party."**

1. An "adverse party," with reference to the right to service of a notice of appeal, is a plaintiff or defendant in an action or suit whose interest in regard to the judgment or decree appealed from is in conflict with a reversal or modification of the final determination sought to be reviewed, and includes one whose discharge in bankruptcy would be thereby affected.

**Judgment—Conclusiveness—State Court—Effect in Federal Court.**

2. A judgment or decree of a state court in an action in which a trustee in bankruptcy is a party and appears and contests the bankrupt's property rights is conclusive upon the latter's estate, and estops his creditors from controverting such final determination even in the federal court which has secured jurisdiction of the bankruptcy proceeding.

**Bankruptcy—Trustee—Action in State Court.**

3. A trustee in bankruptcy may sue in the state court, and where he does so to recover fraudulently conveyed property or property otherwise recoverable, he is entitled to all remedies and all relief which would be afforded any other party litigant under the same facts.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE MOORE.

Harry Van Zandt commenced this suit to recover from A. M. H. Parson the remainder due upon the sale of an automobile and to foreclose a vendor's lien thereon. Ralph Wills, George Patterson, and Lee Armstrong were made codefendants; the complaint charging that they had or claimed some interest in or lien upon the car, which qualified right of property was inferior to plaintiff's lien. Parson, pursuant to a stipulation that $334.60 was due on account of the purchase of the automobile, deposited that sum with the clerk of the court to abide the final determination as to who was entitled to the money, whereupon the plaintiff executed a formal transfer of the car to Parson

who took no further part in the suit. Thereafter the defendants Wills and Patterson moved for an order making the plaintiff's mother, Frances J. Van Zandt, and her trustee in bankruptcy, Robert E. Hitch, codefendants on the ground that they were necessary parties. The supplemental affidavit of Wills asserts facts tending to show that, though the contract for the sale of the automobile was made with the plaintiff, his mother at that time was the owner of the car, and her creditors were entitled to the sum of money so on deposit. The trustee in bankruptcy, pursuant to an order of the United States District Court for the District of Oregon, in which such proceedings were pending, and by sanction of the state court in which this suit was instituted, was made a party defendant, as was also Mrs. Van Zandt. The latter filed an answer admitting the averments of the complaint and alleging that at all times mentioned in the primary pleading the plaintiff was the owner of the automobile, and that she never had or claimed any interest therein or right to the proceeds of the sale thereof.

The suit was dismissed as to Armstrong. Wills, Patterson and Hitch filed an answer denying some of the averments of the complaint and alleging facts tending to show that Mrs. Van Zandt was the owner of the car when the contract for the sale thereof was made by the plaintiff, and that her creditors were entitled to the money remaining due on account of the sale of the car.

The prayer of the answer is to the effect that Mrs. Van Zandt be declared to be the owner of the automobile, and that the money left with the clerk be paid over to the trustee for distribution among her creditors. The reply denies the allegations of new matter in the answer. Based upon these issues, the cause was

tried, resulting in a decree for the plaintiff that he was entitled to the money so left with the clerk.    From this decree Wills, Patterson and Hitch undertake to appeal, but did not give any notice in open court at the time the decree was rendered, or serve a notice of appeal upon the defendant Frances J. Van Zandt.

Appeal Dismissed.

*Mr. W. B. Shively,* for the motion.

*Mr. Robert E. Hitch* and *Mr. Barge E. Leonard,* contra.

Opinion by Mr. Chief Justice Moore.

1. The plaintiff's counsel move to dismiss the appeal on the ground that Mrs. Van Zandt is an adverse party, and, not having been served with a notice of appeal, this court has no jurisdiction of the cause.    An adverse party is a plaintiff or defendant in an action or suit whose interest in regard to the judgment or decree appealed from is in conflict with a reversal or modification of the final determination sought to be reviewed: *Hamilton* v. *Blair,* 23 Or. 64 (31 Pac. 197); *The Victorian,* 24 Or. 121 (32 Pac. 1040, 41 Am. St. Rep. 838); *Moody* v. *Miller,* 24 Or. 179 (33 Pac. 402); *Osborn* v. *Logus,* 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997); *Stuller* v. *Baker County,* 30 Or. 294 (47 Pac. 705); *Conrad* v. *Packing Co.,* 34 Or. 337 (49 Pac. 659, 52 Pac. 1134, 57 Pac. 1021); *Kramer* v. *Marsh,* 49 Or. 417 (90 Pac. 583); *Hafer* v. *Medford etc. R. Co.,* 60 Or. 354 (117 Pac. 1122, 119 Pac. 337); *State* v. *McDonald,* 63 Or. 467 (128 Pac. 835, Ann. Cas. 1915A, 201); *Barton* v. *Young,* 78 Or. 215 (152 Pac. 876); *D'Arcy* v. *Sanford, ante,* p. 323 (159 Pac. 567).

2, 3. A text-writer in discussing the rights of a trustee in bankruptcy says:

"He may sue in a state court": Remington, Bankruptcy, § 1721.

This author in another section observes:

"Where the trustee resorts to the state court to recover fraudulently conveyed property or property otherwise recoverable, he is entitled to all remedies and all relief that would be afforded any other party litigant under the same facts": Id., § 1760.

A judgment or decree given or rendered by a state court in an action or suit in which a trustee in bankruptcy is a party and who appears and contests the property rights of the bankrupt is conclusive upon the latter's estate and estops the creditors from controverting such final determination even in the federal court which has secured jurisdiction of the bankruptcy proceeding. Thus in the case of *In re Tiffany* (D. C.), 147 Fed. 314, decided August 15, 1906, it was held that the judgment of a state court, in a suit brought by a bankrupt's trustee, refusing to set aside a transfer of property made by the bankrupt as fraudulent, concludes creditors, who cannot thereafter set up the same ground to defeat the bankrupt's discharge. It was ruled in the case of *In re Seavey* (D. C.), 195 Fed. 825, that where a bankrupt's trustee instituted proceedings in a state court to set aside as fraudulent an assignment of an alleged interest in certain property under the will of her grandfather, and to establish his right thereto as trustee, and the bankrupt duly defended such action, in which the trustee was successful, the judgment, in the absence of an appeal therefrom, was conclusive, and could not be collaterally attacked or reviewed for error in the bankruptcy proceeding. So, too, a transfer, by a bankrupt, while insolvent, to his wife of property which he omits from his schedule constitutes a concealment of his assets and defeats his

right to a discharge: *In re Graves* (D. C.), 189 Fed. 847.

If this court has jurisdiction of the appeal, and upon a review of the evidence should conclude that Mrs. Van Zandt was the owner of the automobile when the contract of sale was made, and that her creditors were entitled to the money remaining due on the car, such determination would necessarily preclude her discharge in bankruptcy, thus showing she would be affected by a modification or reversal of the decree, and hence an adverse party. No notice of the appeal having been served upon her, this court did not secure jurisdiction of the cause.

The attempted appeal should therefore be dismissed, and it is so ordered.      APPEAL DISMISSED.