Argued October 30, appeal dismissed November 21, 1916.

## FRENCH v. McKEAN.

(160 Pac. 1151.)

Appeal and Error—Proceedings to Transfer Cause—Notice of Appeal —Persons Entitled—"Adverse Party."

1. Under Section 550, L. O. L., requiring notice of appeal to be served on such adverse party or parties as have appeared, an appeal by a defendant from a decree enjoining enforcement of the judgment will be dismissed where a codefendant of the appellant who would be compelled to pay the judgment in case of reversal of the decree appealed from is not served with process; an "adverse party," within Section 550, being one whose interest in relation to the judgment or decree is in conflict with the modification or reversal sought by the appeal.

From Sherman: DAVID R. PARKER, Judge.

This is a suit in equity by L. R. French against J. C. McKean, as sheriff of Sherman County, Oregon, George E. Quiggle, S. Schupbach, C. E. Johnson and W. L. Cooper, in which the plaintiff was successful in securing a decree, and the defendant W. L. Cooper appeals. At the trial on the merits, the plaintiff-respondent moves to dismiss the appeal on the ground set forth in the opinion of the court.

APPEAL DISMISSED.

For respondent there was a brief over the names of *Mr. John B. Hosford* and *Mr. Roy J. Baker,* with an oral argument by *Mr. Hosford.*

For appellant there was a brief and an oral argument by *Mr. W. L. Cooper, in pro. per.*

In Banc. MR. JUSTICE BEAN delivered the opinion of the court.

At the threshold of the case counsel for plaintiff challenge the jurisdiction of this court to review the decree appealed from, for the reason that the notice of appeal was not served upon all of the adverse parties who have appeared in the suit. It appears from the record that plaintiff, French, instituted a suit and obtained a decree in the Circuit Court of the State of Oregon for Sherman County against all of the defendants herein, declaring a certain judgment and decree in favor of C. E. Johnson, plaintiff therein, and against L. R. French, Harriet E. French, George E. Quiggle, S. Schupbach, Sarah Schupbach, W. C. Repass, Florence Repass; Emil Thielhorn, H. G. Kemp, Ben Kivich, Sarah Kivich, and Sam Chavis, defendants therein, for the sum of $500, with interest at 10 per cent per

annum and $150 attorney fees and $31.25 costs, fully paid and satisfied, and enjoining the enforcement thereof on execution; that by the decree so enjoined it was provided for a sale of real estate upon the foreclosure of a mortgage, and further decreed that the plaintiff therein have execution against L. R. French, Geo. E. Quiggle, S. Schupbach, H. G. Kemp and Ben Kivich for any balance that remained unpaid after the application of the proceeds of such sale.

In the present suit upon this appeal the notice was served upon plaintiff, L. R. French, but was not served upon any of the defendants. Section 550, L. O. L., provides in so far as it is here applicable:

"An appeal shall be taken and perfected in the manner prescribed in this section, and not otherwise. * * If the appeal is not taken at the time the decision, order, judgment, or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place in the state," etc.

S. Schupbach appeared and filed an answer in the cause, and plaintiff contends that notice of appeal should have been served upon this defendant. The judgment enjoined by the decree appealed from was against Schupbach, and if the decree should be reversed and the judgment reinstated Schupbach's interest would be affected, as according to the adjudication he would be required to pay the amount, and the notice of appeal should have been served upon him.

An adverse party, within the meaning of Section 550, L. O. L., is a party whose interest in relation to the judgment or decree is in conflict with the modification or reversal sought by the appeal: *Conrad* v. *Pacific Packing Co.*, 34 Or. 342 (49 Pac. 659, 52 Pac. 1134,

57 Pac. 1021); *Lillienthal* v. *Caravita,* 15 Or. 339 (15
Pac. 280); *Alliance Trust. Co.* v. *O'Brien,* 32 Or. 333
(50 Pac. 801, 51 Pac. 640). This is a jurisdictional
matter, and the court has no discretion to exercise:
*Lane* v. *Wentworth,* 69 Or. 245 (133 Pac. 349). It
was said in the latter case:

"It has constantly been determined by this court
that, although parties are both plaintiffs or both de-
fendants, yet if an appeal would unfavorably affect the
rights of one of them, as determined by the decree ap-
pealed from, he is an adverse party as respects his
coplaintiff or codefendant, and that the jurisdiction of
this court depends upon service of the notice upon all
such parties."

The fact that Schupbach claimed to be interested in
the suit in another capacity would not change his
status as to the judgment.

The appeal is dismissed.        DISMISSED.